H in man, J.
The defendant is in possession of the demanded premises, claiming title thereto under a regular chain of conveyances from Reuben Kinney, one of the grantees in the instrument under which the plaintiff now claims title. It follows, therefore, that if Reuben took such an estate under that instrument that he had power to convey away the fee, the present defendant has it, and so has the right to retain his possession. The instrument itself was a deed, and can therefore only operate as a deed. It ivas said that it was testamentary in character, and some importance seemed to be ascribed to this circumstance. No doubt that, for the purpose of ascertaining the meaning of the grantor by the words used in the instrument, we must take into ^consideration every fact and circum- [ *452 ] stance which appears in it. Hence, it is proper to consider that, although the instrument is a deed, yet it appears on its face to have been a disposition of a portion of the grantor’s property, to take effect at his decease, and was made to his relatives in consideration of love and natural affection. As such, it is entitled to a liberal construction in order to carry out the intention of the grantor. But if any thing more than this is meant, there can be no foundation for it. We can not change the nature of the instrument from a deed to a will, so as to apply to it the rules of law applicable to passing title by devise, because it may be found impossible to carry out fully the intention of the grantor. There was no pecuniary consideration for the deed. It was given as expressed in it, in consideration of the love and good-will and natural affection which the grantor had for his daughter Anna. And as it appears that the other grantee, Reuben, was the son of Anna, he of course comes within the consideration. No question is therefore made as to the validity of the instrument. It is admitted that he took an estate under it. And whether he took it under a law peculiar to ourselves, of allowing freeholds to be granted' to take effect in future, or whether he took it under the statute of uses, is not very important.
Assuming then that Reuben took a life estate, at least, after the death of his grandfather, the question arises whether that was all the estate in the premises which he took; or, rather, whether in fact and in law, he did not take, and was not intended by the grantor to take, the fee. If he took a fee-simple in the *370 land, then, as "by deed nq other estate can be limited over after, a fee simple, it follows that, after the death of the grantor, the whole estate became Vested in Reuben, whose title the defendant has, and consequently the plaintiff, having no title, must fail in her action. This result follows also, irrespective of an important question which would otherwise arise--in the . case, as. to whether, upon a consideration of love and affection, a limitation over to the heirs of Joseph- Hulse, who would not: necessarily be of the blood of the'grantor, Hulse himself not being [ *458 ] so, would be good. Now the *'grantor ,in. this deed has used apt words-to convey to-Reuben an-entire unqualified fee simple in this property-. It is true that in the same instrument he has used words which show that,An the event of Reuben’s dying■ without heirs, he-intended the estate should go to the heirs of Joseph Hulse. But. unless.the previous grant to Reuben is to be so qualified by what is sai,d in respect to the heirs of Hulse; as to limit» his estate to an estate- for life only, or, at most, to an estate to him and the heirs of his body, thus making it an estate tail, the limitation over to the. heirs of Hulse must fail; being contrary to the rule of law that no, remainder can be limited- over after the grant of -an estate in fee simple. That can undoubtedly be done by what is called an. executory devise, but can not be accomplished by deed.. The question here is, as to the grantor’s meaning as it is expressed it the deed. His words are, “ I give to Reuben Kinney a piece of land, &c., to be his property after my decease, forever, unless he dies without heirs, and in that case it is to go to the heirs of Joseph Hulse.” And then the habendum is, “ To have and to-hold the above granted and bargained- premises, with the appurtenances, unto them, the said grantees, their heirs and assigns forever, to them and their own proper use and behoof.” Now this is the ordinary language of our deeds where a fee simple is intended to be conveyed, and, aside from what is said in respect to the heirs of Joseph Hulse, would unquestionably have carried the whole estate to Reuben; and there is certainly nothing in the language of the grant itself to show any intention to limit or qualify Reuben’s estate. He grants it to him foreyer, and the habendum, limiting it to him and his heirs forever, appears to be as clear an expression of intention that his heirs, should take, as that he should. It was said that by the word “heirs” the' grantor meant the children or heirs of the body of the grantee. We can only say that there is nothing to show this except the simple fact that he attempted to limit, the. estate to the. heirs of Hulse, in case Reuben died without heirs, and we do not think this circumstance sufficient for the purpose, since to *371 give the word this meaning is contrary to its plain and obvious import, and would also render it necessary to incorporate *into the deed additional words not found there, [ *454 ] in order to give the deed the meaning claimed for it. Besides, we think it as probable, not to say more so, that while he intended to give Reuben an absolute fee simple in the property, he also intended, iñ case he died without heirs generally, to limit it over to the heirs of Hulse, which, as we have said, can not be done in this form.
We advise the superior court, therefore, that the defendant is entitled to judgment.
In this opinion the other judges concurred.
Judgment for defendant advised.